WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TOMAR ELECTRONICS, INC., | 2:09-cv-00170-PHX-ROS |
| Plaintiff, | **ORDER ON MOTION TO REMAND** |
| vs. | |
| THOMAS G. WATKINS III, et al., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Remand. (Doc. 18.) For the reasons stated herein, the Motion will be denied.

**BACKGROUND**

On December 27, 2007, the U.S. District Court for the District of Minnesota in the course of a patent infringement case entered a default judgment against Tomar Electronics (the defendant there and "Plaintiff" here). Global Traffic Tech., LLC v. Tomar Electronics, Inc., No. 0:05-cv-00756-MJD-AJB, 2007 WL 4591297 at 8-9 (D. Minn. 2007) (the "Underlying Case"). The district court acted under Fed. R. Civ. Proc. 37(b)(2)(a),[1] which allows a court to render default judgment against a party who disobeys a discovery order.

---

[1] Although the opinion cites to Rule 37(b)(2)(c), the text associated with the citation clearly refers to subsection (a).

Id. at 8. The district court had previously sanctioned Plaintiff four times, and characterized the aggregate misconduct as a "clear pattern and practice of violating court orders" that "undermined the integrity of [that] court and our judicial system."² Id. at 1, 9. The sanctions imposed for Plaintiff's misconduct included findings that two of Plaintiff's products directly infringed enforceable claims in Global Traffic's patent. Id. at 9. Plaintiff was subsequently ordered to pay damages of $7,299,258.96 for infringing the patent, and some of Plaintiff's products were enjoined. Global Traffic, No. 0:05-cv-00756, Doc. 377 (Jan. 26, 2009.)

On December 16, 2008, Plaintiff brought suit in the Superior Court of Arizona, accusing Defendants of professional negligence and breach of fiduciary duty in their handling of the underlying case, and seeking damages of at least $7,500,000. (Doc. 1-2 at 21-26, 26:11-21.) Defendant Steffenson and Defendants Henningson & Snoxell, Ltd. removed to this court pursuant to 28 U.S.C. § 1441, asserting this court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. (Doc. 1-1 at 2-6.) Plaintiff then moved to remand, arguing there is neither complete diversity nor a federal question at issue. (Doc. 18.)

**ANALYSIS**

As an initial matter, a holding that federal jurisdiction arises under federal patent law can only be appealed to the U.S. Court of Appeals for the Federal Circuit. See 28 U.S.C. §§ 1295(a)(1) and 1338(a). But a decision to remand for lack of subject matter jurisdiction cannot be appealed to any federal court. 28 U.S.C. § 1447(d). Accordingly, since the sole alleged basis of federal jurisdiction over this case is patent law, the Court of Appeals for the Ninth Circuit cannot hear an appeal from this case, even though this Court is located in the Ninth Circuit. Therefore, since the Federal Circuit is the only circuit court that might have

---

² While that motion for sanctions was pending, Defendant Thomas Watkins, Plaintiff's lead attorney in that case, was disbarred for ethics violations. Global Traffic, 2007 WL 4591297 at 1, n.1. Watkins was disbarred for, *inter alia*, misappropriating information to the detriment of a client, acquiring an ownership interest adverse to a client without the client's consent, and demonstrating a lack of candor to the client and the USPTO by knowingly making materially false statements to the USPTO. In The Matter of Thomas G. Watkins III, Hearing Officer's Report, Sep. 11, 2006, Case No. 05-0357.

1  appellate jurisdiction over this case, Federal Circuit precedent must control. See Franchi v.
2  Manbeck, 947 F.2d 631, 634 (2nd Cir. 1991).
3        A case can be removed to a federal court from a state court only if the federal court
4  would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants allege
5  this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338. § 1338 grants federal
6  courts exclusive jurisdiction over "any civil action arising under an Act of Congress relating
7  to patents." 28 U.S.C. § 1338(a). The Supreme Court has held that jurisdiction under § 1338
8  is determined by a two-part test of whether:

> the well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

12  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-9 (1988) (holding that
13  "arising under" has the same meaning in § 1338 as in § 1331). Under this "well-pleaded
14  complaint" rule, whether the claim arises under federal patent law "'must be determined from
15  what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything
16  alleged in anticipation or avoidance of defenses which it is thought the defendant may
17  interpose.'" Id. at 809 (quoting Taylor v. Anderson, 234 U.S. 74, 75-76, (1914)). However,
18  a plaintiff cannot "defeat removal by failing to plead necessary federal questions," because
19  federal jurisdiction still exists if the "right to relief under state law requires resolution of a
20  substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal.
21  v. Constr. Laborers Vacation Trust, 463 U.S. 1, 22, 13 (1983).
22        Plaintiff here has pled state law claims for legal malpractice and breach of fiduciary
23  duty, but has pled no federal law claims. Also, diversity is incomplete. However,
24  Defendants assert that jurisdiction exists under § 1338 because a necessary element of
25  Plaintiff's state law malpractice claims requires the resolution of a substantial question of
26  federal patent law. Therefore, the elements of those state law claims must be examined.
27        Plaintiff's claims for legal malpractice are based on conduct during a federal trial in
28  Minnesota. However, the alleged damages were felt in Arizona. Because no other state has

a nexus with these claims, the claims must be under either Arizona or Minnesota law. But this Court need not decide the choice of law at this time, because a common element in the two states' definitions of legal malpractice confers jurisdiction on this Court under § 1338.

In Arizona, proving that the defendant's negligence was the actual and proximate cause of the plaintiff's injury is an essential element of a legal malpractice claim. Glaze v. Larsen, 83 P.3d 26, 29 (Ariz. 2004). When the alleged negligence occurred as part of litigation, "[a] necessary part of . . . plaintiff's burden of proof of proximate cause is to establish that 'but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit.'" Id. (quoting Phillips v. Clancy, 733 P.2d 300,303 (Ariz. App. 1986)). Accordingly, judgment of legal malpractice must include a finding that the outcome of the underlying case would have differed if the alleged negligence had not occurred. Id. at 30. Like Arizona, Minnesota also requires a plaintiff claiming legal malpractice to prove that "but for defendant's conduct the plaintiffs would have been successful" in the underlying litigation. Togstad v. Vesely, Otto, Miller & Keefe, 291 N.W.2d 686, 692 (Minn. 1980). Accordingly, Minnesota also requires that a court trying a legal malpractice action determine how the outcome of the underlying case would have differed absent the alleged negligence. See Fiedler v. Adams, 466 N.W.2d 39,42 (Minn. App. 1991). This common requirement that the "but for" outcome of the underlying case be hypothetically litigated is dispositive of the jurisdictional issue.

In Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., ("AMT") the U.S. Court of Appeals for the Federal Circuit held that federal jurisdiction existed in a legal malpractice case because the trial court had to hypothetically litigate the patent issues in the underlying case. 504 F.3d 1262, 1269 (Fed. Cir. 2007). The claim was governed by Texas law, which like Arizona and Minnesota law, requires that a claimant for litigation-related legal malpractice prove that "but for" their attorney's negligence, the claimant would have received a more favorable outcome in the underlying case. Id. at 1266.

AMT filed a legal malpractice claim in state court, alleging that Akin Gump was negligent during the prosecution and subsequent litigation of AMT patents, and that as a

result, AMT had to settle the litigation on substantially less favorable terms. Akin Gump removed to federal court on the ground that resolving AMT's claims necessarily involved a substantial question of patent law, thus establishing federal jurisdiction under 28 U.S.C. § 1338. Akin Gump also brought patent-related counter-claims. Both parties sought remand – albeit at different times – which was consistently denied. The Federal Circuit then addressed jurisdiction on interlocutory appeal. Id. at 1266-67.

Since the Federal Circuit had not addressed this issue before, the Circuit panel applied the two-part test set forth in Christianson, 486 U.S. at 809 (1988), to determine whether § 1338(a) created federal jurisdiction over the case. AMT, 504 F.3d at 1267. Since federal law did not create Plaintiff's malpractice cause of action, jurisdiction depended on the second part of the test, which extends exclusive federal jurisdiction to any case where plaintiff's relief "necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Id. at 1267-68 (quoting Christianson, 486 U.S. at 809). Analyzing AMT's well-pleaded complaint, the Federal Circuit found that AMT's malpractice claim could not be adjudicated without the resolution of substantial question of patent law; in particular, whether "but for" Akin Gump's negligence, AMT would have won the underlying patent litigation. Id. at 1269. The requirement to hypothetically adjudicate the merits of the underlying case in the legal malpractice suit "presents a substantial question of patent law" and thus conferred jurisdiction on the district court under 28 U.S.C. § 1338. Id. Akin Gump's counter-claims were explicitly not considered in the analysis. Id.

Since the Federal Circuit's decisions in AMT[3], two other Circuit courts have explored § 1338 "arising under" jurisdiction, although neither case arose under patent law. In Singh v. Duane Morris LLP. 538 F.3d 334 (5th Cir. 2008), the Fifth Circuit examined § 1338 "arising under" jurisdiction in a suit alleging malpractice during trademark litigation. Id. at

---

[3] And the related case, decided the same day, Immunocept, LLC, v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed. Cir. 2007)

- 5 -

340. Because the federal interest in the disputed trademark issues was "insubstantial", and granting jurisdiction might upset Congress' intended distribution of responsibility between the state and federal courts, the Fifth Circuit found there was no federal jurisdiction. Id. at 339-40. However, the Fifth Circuit explicitly declined to contradict the Federal Circuit's holding in AMT, stating:

> It is possible that the federal interest in patent cases is sufficiently more substantial, such that it might justify federal jurisdiction. But we need not decide the question before the Federal Circuit [in AMT], because it is not before us. We conclude only that jurisdiction does not extend to malpractice claims involving trademark suits like this one."

Id. at 340.

The Eleventh Circuit reconciled AMT with Singh in Adventure Outdoors Inc. v. Bloomberg, 553 F.3d 1290 (11th Cir. 2008). In Adventure Outdoors, the plaintiffs alleged defendants defamed them by falsely accusing them of committing federal crimes. Id. at 1298. Determining whether the plaintiff had committed those crimes was essential to the defamation claim and a disputed federal issue. Id. The dispositive question was whether that issue met the substantiality requirement set forth in Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, (2005). Id. at 1299. The Eleventh Circuit noted the "strong, if not dispositive, emphasis on the character of the disputed federal issue" in the precedents addressing "substantial federal question" jurisdiction. Id. Accordingly, the panel read Singh as holding that a "pure issue of federal law provides the strongest basis for 'resort to the experience, solicitude and hope for uniformity that a federal forum offers on federal issues.'" Id. (quoting Grable, 454 U.S. at 312.) The panel read AMT as holding that issues of patent law, "an area in which the federal courts undoubtedly have special competence," also provide a similar basis for such resort. Id. But in Adventure Outdoors, the federal criminal law at issue was clear, its application to the facts was straight-forward, and such application in a state civil action would not encroach on the federal courts's exclusive jurisdiction over federal crimes, nor would remand disturb Congress' intended distribution of responsibility between the state and federal courts. Id. at 1300-03. Accordingly, there was no federal jurisdiction over the case. Adventure Outdoors, 552 F.3d 1303.

Given these precedents and subsequent interpretations by federal district courts,[4] a consensus is clear: federal courts have jurisdiction over a case if the complaint contains a patent-related legal malpractice claim where:

1. The elements of legal malpractice in that state include proving that the attorney's negligence was a "but for" cause of the plaintiff's damages;[5]
2. The well-pleaded complaint demonstrates that the alleged negligence may have materially affected the acquisition or enforcement of patent rights, including the patent rights of parties not involved in the malpractice case;[6]
3. The complaint alleges damages arising from the effect the negligence had on those patent rights;[7] and
4. Plaintiff cannot recover under any alternative theory that does not involve a substantial issue of patent law.[8]

---

[4] Three state appellate courts have also addressed this issue. Two held that federal courts had *exclusive* jurisdiction over legal malpractice claims which necessarily involved federal patent law. See TattleTale Portable Alarm Sys. v. Calfee, Halter & Griswold, LLP, 2009 Ohio 1379 (Oh. App. 2009), and Lockwood v. Shephard, Mullin, Richter & Hampton, 173 Cal. App. 4th 675, 677 (Cal. App. 2009). But see New Tek Mfg., Inc. v. Beehner, 751 N.W.2d 135, 139 (Neb. 2008) (re-affirming without discussion a pre-AMT holding of state court jurisdiction over a case in which disputed federal patent law issues were dispositive.)

[5] See Byrne V. Wood, Herron & Evans LLP, 2008 U.S. Dist. LEXIS 61962 (E.D. Kty. 2008)

[6] See Berndt v. Greenwich Insurance Co., 2008 U.S. Dist LEXIS 98079 (W.D. Wisc. 2008) (federal jurisdiction found when plaintiff in the legal malpractice case was the defendant in the underlying patent infringement case; the alleged negligence was failure to request claim construction or conduct discovery regarding an offer-of-sale defense).

[7] See Labell v. McGonagle, 2008 U.S. Dist. LEXIS 63117 (D. Mass. 2008) (federal jurisdiction found when attorney had fraudulently failed to prepare and puruse a patent application for inventor), cf. Taylor v. Kochanowski, 2008 U.S. Dist. LEXIS 20430 (E.D. Mich. 2008) (remanded because the alleged negligence could not have affected the finding of non-infringement in the underlying case).

[8] See Eddings v. Glast, Phillips & Murray, 2008 U.S. Dist. LEXIS 48589 (N.D. Tex. 2008) (remanded because alleged negligence in not pursuing an offset in the underlying suit

Plaintiff's Count I, for legal malpractice during the underlying case, necessarily requires the resolution of substantial questions of patent law. In the underlying case, Plaintiff was sanctioned with a default judgments of patent infringement. Global Traffic, 2007 WL 4591297 at 9. Plaintiff specifically alleges that these default judgments would not have occurred "but for the negligent . . . acts" of Defendants. (Doc. 1-2 at 20:16-19). The default judgment was a prerequisites to the later award of damages assessed against Plaintiff, which Plaintiff now seeks to recover from Defendants. Therefore, to recover on this claim Plaintiff must demonstrate either that the infringed patent claims were invalid, that Plaintiff did not infringe them, or that the patents were unenforceable; Plaintiff proposes no alternative theory of recovery. Accordingly, Plaintiff cannot recover on the claim without resolving a substantial question of patent infringement, validity or enforceability.

Plaintiff's Count III, alleging Defendant Watkins was negligent in preparation of a patent infringement opinion letter[9], also necessarily requires the resolution of substantial questions of patent law. (Doc. 1-2 at 22-23.) Plaintiff alleges that Watkins' negligence was the proximate cause of the subsequent litigation and resulting damages. (Id.) But Watkins' preparation of the letter could not be negligent if the letter was correct; that is, if Plaintiff's products did not actually infringe any valid patents. However, the judgments of infringement and the validity of the patents in the underlying case were imposed as a sanction instead of on the merits. Global Traffic, 2007 WL 4591297 at 9. Because these issues have not been adjudicated on the merits, determining whether Watkins was negligent in preparing the opinion letter necessarily involves hypothetically re-litigating the validity and infringement issues. As a result, Plaintiff cannot recover for Watkins' alleged negligence without

---

provided state-law alternative theory of recovery in the malpractice case).

[9]An opinion letter analyzes whether a patent is likely to be infringed by a product, and can serve as evidence that an adjudged instance of patent infringement was not willful. See Read Corp. v. Portec, Inc., 970 F.2d 816, 826-28 (Fed. Cir. 1992).

resolving substantial issues of patent law, and federal jurisdiction over this claim exists under § 1338.

Federal question jurisdiction therefore exists over at least two of Plaintiff's claims. Accordingly,

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

DATED this 23rd day of July, 2009.

_____
Roslyn O. Silver
United States District Judge